UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD W., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　　Defendant. | CASE NO. 3:23-CV-5826-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for supplemental security income benefits ("SSI").[1] The parties agree the Administrative Law Judge ("ALJ") committed reversible error in considering certain medical opinion evidence. The parties, however, disagree regarding whether this matter should be reversed and remanded with a direction to award benefits or remanded for further administrative proceedings. After considering the record, the Court finds Plaintiff has not demonstrated that extraordinary circumstances exist requiring that this matter be reversed and remanded with a

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

direction to award benefits or that further administrative proceedings would not be useful. Therefore, the Court remands this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

## I. Factual and Procedural History

Plaintiff filed a claim for SSI in February 2018, alleging disability beginning on April 28, 2017. Dkt. 8, Administrative Record ("AR") 218. His application was denied at the initial level and on reconsideration. AR 132, 148. He requested a hearing before an ALJ, which took place on June 25, 2019. AR 39–131, 176. Plaintiff was represented by counsel at the hearing. *See* AR 39. The ALJ issued an unfavorable decision denying benefits on August 1, 2019, and the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–7, 20–37. Plaintiff appealed to this Court. AR 1024–27. On August 2, 2021, the Court reversed the Commissioner's decision based on the parties' stipulation and remanded the case for further proceedings. AR 1053–56.

The Appeals Council consolidated the remanded case with a separate claim for SSI that Plaintiff had filed on October 28, 2020. AR 1057–63. The second hearing took place on March 14, 2023, and Plaintiff was again represented by counsel. AR 978–98. The ALJ issued another unfavorable decision denying benefits on May 11, 2023. AR 950–77. Plaintiff appealed to this Court. *See* Dkts. 1, 6.

## II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

### III. Discussion

Plaintiff and Defendant agree the ALJ committed reversible error in his consideration of medical opinion evidence from state agency medical consultant Myron Watkins, M.D., and consultative examiner Cary Jasper, ARNP. *See* Dkts. 13, 17, 18. However, Plaintiff argues the case should be remanded for an award of benefits, while Defendant asserts the case should be remanded for further administrative proceedings. *See* Dkt. 13, 17, 18.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions

are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

Based on a review of the record, the Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts and issues remain that must be resolved concerning Plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate. On remand, the ALJ must re-evaluate the medical and nonmedical evidence in the record, including Plaintiff's subjective symptom testimony and lay witness testimony; reassess Plaintiff's RFC; obtain additional vocational expert testimony, if necessary; and offer Plaintiff the opportunity for a new hearing and further development of the record before issuing a new decision.

### IV. Conclusion

Based on the foregoing reasons, the Court accepts Defendant's concession that the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 20th day of June, 2024.

David W. Christel
United States Magistrate Judge